**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,        ) | CR 99-0114-PHX-RGS |
|                                  ) | CV-03-1594-PHX-RGS (VAM) |
|          Plaintiff/Respondent,   ) | |
|                                  ) | **ORDER** |
| vs.                              ) | |
|                                  ) | |
| Bobby Joe Keesee,                ) | |
|                                  ) | |
|          Defendant/Movant.       ) | |
|                                  ) | |

Defendant Bobby Joe Keesee, currently confined at the United States Prison and Medical Center in Springfield, Missouri, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.§ 2255. [Doc. # 55] In response, the government filed a Motion to Dismiss Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. [Doc. # 74] Movant filed several responses to the government's motion. [Docs. ## 81, 84, 85] Thereafter, Magistrate Judge Virginia A. Mathis issued a Report and Recommendation recommending that the government's motion to dismiss be granted and that Movant's motion to vacate be denied. [Doc. # 89] Movant did not file any objections to the Report and Recommendation. The Court has reviewed the parties' motions and the responses thereto, as well as the entire record before it. For the reasons set forth below, the Court will adopt the Report and Recommendation.

/ / /

## I. BACKGROUND

On November 1, 1999, Movant pleaded guilty to five counts as charged in the Second Superseding Indictment filed on October 27, 1999 [Doc. # 40]: Count 1, Attempted Aircraft Piracy, in violation of Title 49, U.S.C. § 46502; Count 2, Interference with Commerce by Threats or Violence, in violation of Title 18, U.S.C. § 1951; Count 4, Discharge of a Firearm During a Crime of Violence Causing a Death by Murder, in violation of Title 18, U.S.C. § 924(c)(1) and 924(j)(1); Count 5, Interstate Transportation of a Stolen Aircraft, in violation of Title 18, U.S.C. § 2312; and Count 6, Felon in Possession of a Firearm or Ammunition, in violation of Title 18, U.S.C. § 922(g)(1). [Doc. # 49]

On March 31, 2000, the Court sentenced Movant to two life sentences "without the possibility of release under any circumstances," consistent with the written plea agreement. [Doc. # 43] Movant did not file a direct appeal.

On August 18, 2003, Movant filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. # 55] Movant raises two grounds for relief: (1) that the plea was unlawfully induced by the court-appointed attorney so that "he could dispose of a case that he did not want to handle," and (2) that Defendant "knew [he] was going to prison" so he pleaded guilty in reliance upon his attorney's alleged promise that he could serve his sentence in Germany in order to be with his wife and family.

In response, the government filed a Motion to Dismiss, arguing that (1) Movant's motion is untimely, and (2) Movant waived his right to appeal or collaterally attack his conviction and sentence. [Doc. # 74] Movant filed a Response to the government's motion, alleging that he was "under the threat of what the government would do to his wife if he did not enter a plea of guilty" and that he was told by his attorney that he would "be allowed to serve [his] sentence in a prison located in Germany." Movant requested to withdraw the plea and have a trial by jury. [Doc. # 81]

/ / /

/ / /

## II. DISCUSSION

- 2 -

**A.     Untimeliness of Movant's § 2255 Motion**

Title 28, U.S.C. § 2255 states as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized . . . ; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, there are no facts alleged by Movant that would alter the application of the one-year period of limitations beginning on the date on which the judgment of conviction became final. The statute of limitations within which Movant had to file his § 2255 motion began to run upon the expiration of the time during which he could have sought review by direct appeal. *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Movant did not file a direct appeal, thus his conviction became final on April 18, 2000, which was ten days after the Court entered its Judgment on April 7, 2000. Movant therefore had one year from April 18, 2000 within which to file his § 2255 motion. Movant filed his motion on August 18, 2003, more than two years after the limitations period had expired. Movant has set forth no allegations that would provide a basis for equitable tolling. Accordingly, the Court agrees with the conclusion of the Magistrate Judge that Movant's § 2255 motion is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255 and will adopt the Magistrate Judge's recommendation that Movant's § 2255 motion be denied on this basis.

**B.     Waiver of Right to Collaterally Attack Conviction**

Notwithstanding the Court's determination above that Movant failed to timely file his § 2255 motion, after reviewing the record, the Court agrees with the Magistrate Judge's conclusion that Movant's guilty plea is valid and that Movant waived his right to file a §

1  2255 motion. The waiver of the right to directly appeal or collaterally attack the conviction
2  and sentence is found in the written plea agreement and states as follows:

3  Defendant hereby waives any right to raise on appeal or collaterally attack any
   matter pertaining to this prosecution and sentence if the sentence imposed is
4  consistent with the terms of this agreement.

5  [Doc. # 43 at p. 6] This waiver agreement was acknowledged by Movant in the written plea
6  agreement [Doc. # 43 at pp. 23-24], discussed with Movant during the change of plea
7  colloquy [Doc. # 73 at p. 20], and discussed with Movant at his sentencing [Doc. # 72 at p.
8  24]. At the sentencing, the Court advised Movant that the sentence was in accord with the
9  plea agreement and therefore he had waived any right to appeal or collaterally attack the
10 proceeding. [*Id.*] As the Magistrate Judge noted, the Court spent much time during the
11 change of plea colloquy establishing that Movant was competent and understood all aspects
12 of the plea agreement, that Movant entered the plea voluntarily, and that Movant understood
13 that the stipulated sentence meant that he would never be released from prison. At the
14 sentencing, counsel stated that "Mr. Keesee will die an inmate of the Bureau of Prisons," thus
15 indicating that Movant and his attorney understood that Movant would spend the rest of his
16 life in the custody of the BOP. [*Id.* at p. 21] Movant indicated that he was satisfied with the
17 representation he received from his attorney. [*Id.* at 15] Accordingly, because Movant's
18 guilty plea was valid and his sentence was within the range set forth in the plea agreement,
19 his waiver of the right to collaterally attack his conviction and sentence is valid. *See United*
20 *States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

21 **III.   CONCLUSION**

22        Based on the foregoing,

23        **IT IS ORDERED** adopting the Report and Recommendation of the Magistrate Judge.
24 [Doc. # 89]

25        **IT IS FURTHER ORDERED** granting the government's Motion to Dismiss
26 Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.
27 [Doc. # 74]

28

- 4 -

1   **IT IS FURTHER ORDERED** denying Movant's Motion to Vacate, Set Aside, or
2   Correct Sentence pursuant to 28 U.S.C.§ 2255. [Doc. # 55]

3   Movant has filed numerous motions, all of which relate to his § 2255 Motion to
4   Vacate. The Court has reviewed each of these motions, as well as any responses thereto.
5   Movant presents the same arguments in these motions as he does in his § 2255 Motion to
6   Vacate and in his Response to the government's Motion to Dismiss. In light of the Court's
7   ruling above,

8   **IT IS FURTHER ORDERED** denying Movant's Motions for Appointment of
9   Counsel [Docs. ## 90, 101, 103];

10   **IT IS FURTHER ORDERED** denying Movant's Motions to Withdraw Guilty Plea
11   [Docs. ## 83, 93, 98, 103];

12   **IT IS FURTHER ORDERED** denying Movant's Motions for a New Trial [Docs.
13   ## 86, 91, 93, 94, 95, 97, 98, 100, 103];

14   **IT IS FURTHER ORDERED** denying Movant's Motion by the Defendant to Allow
15   Him to Serve His Sentence in Germany on a Prisoner Exchange [Doc. # 92];

16   **IT IS FURTHER ORDERED** denying Movant's Motions for Release from Custody
17   [Docs. ## 96, 99]; and

18   **IT IS FURTHER ORDERED** denying Movant's supplemental Motions to Vacate,
19   Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docs. ## 97, 105].

20   / / /
21   / / /
22   / / /
23   / / /
24   / / /

1    In view of the Court's orders denying Movant's Motions to Vacate, Set Aside, or
2 Correct Sentence Pursuant to 28 U.S.C. § 2255 and all of his other pending motions,
3    **IT IS FURTHER ORDERED** denying, without prejudice, Movant's Request to
4 Proceed in Forma Pauperis.  [Doc. # 106]
5    **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in
6 accordance with this order.
7    DATED this 21st day of September, 2007.

_____
Roger G. Strand
Senior United States District Judge